UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

ROBERTO RIOS,

        Petitioner,

v.                                                                    Case No. 09-CV-77

TIMOTHY LUNDQUIST,

        Respondent.

_____

## ORDER

On January 16, 2009, petitioner Roberto Rios ("Rios") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 1, 2005, Rios was convicted in Eau Claire County Circuit Court of attempted first degree intentional homicide related to a domestic abuse incident. Rios was sentenced to twenty-eight years in prison, and is currently confined to the Dodge Correctional Institution. Rios's petition asserts two grounds for relief. First, Rios asserts that counsel representing him on his direct state appeal was ineffective. Second, Rios asserts that the Eau Claire Circuit Court deprived him of his constitutional rights during his state habeas case. The court now reviews Rios's petition under Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4").

Rule 4 requires the court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the court with the power to dismiss both those petitions that do not state a claim upon

which relief may be granted, and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and sets forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining Rios's petition for timeliness. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Here, it appears that Rios's petition is untimely. According to the information provided in his federal habeas petition, Rios appealed his conviction directly to the Wisconsin Court of Appeals. However, on August 8, 2007, the Wisconsin Court of Appeals dismissed Rios's direct appeal as untimely. Because Rios did not appeal that decision to the Wisconsin Supreme Court, the one-year deadline to file a habeas petition ran from the date on which the Wisconsin Court of Appeals dismissed his case as untimely. *See Teas v. Endicott*, 494 F.3d 580, 581 (7th Cir.

2007). Had Rios not sought further collateral relief in state court, the limitation period would have run on August 8, 2008.

However, on February 20, 2008, Rios pursued collateral relief by filing a motion to reinstate or reconsider his appeal due to ineffective assistance of appellate counsel. The Wisconsin Court of Appeals treated Rios's motion as a petition for a writ of habeas corpus, and ordered the circuit court to hold an evidentiary hearing. After the circuit court made findings of fact, the court of appeals denied Rios's petition. Rios then appealed to the Wisconsin Supreme Court, which denied review on July 28, 2008. Pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitation period tolled during the pendency of that case, which was 159 days based on the dates provided in Rios's petition. Excluding that time, the one-year limitation period expired on January 3, 2009. Rios did not file his petition until January 16, 2009. As a result, Rios's petition is untimely.

Even if Rios had filed his petition within the one-year limitation period, the court would still be obliged to dismiss it. On its face, Rios's complaint fails to assert a cognizable ground for relief under 28 U.S.C. § 2254. Rios's petition alleges that his appellate counsel was ineffective for failing to make proper filings with the Wisconsin Court of Appeals, and that the Wisconsin state courts erred in denying his state habeas case. To establish ineffective assistance of appellate counsel, a habeas petitioner must show that his or her counsel failed to raise an issue on appeal that "may have resulted in a reversal of the conviction, or an order for a new

-3-

trial." *Winters v. Miller*, 274 F.3d 1161, 1167 (7th Cir. 2001). Rios has not alleged that any federal law grounds existed for the direct appeal of his conviction.[1] Rather, Rios alleges that he would have timely filed his direct appeal but for the actions of his appellate counsel. This is merely an excuse for Rios's procedural default in failing to timely raise any federal law grounds for reversing his conviction in state court. *See Martin v. Evans*, 384 F.3d 848, 854 (7th Cir. 2004) (defining procedural default). Because it plainly appears from his petition that Rios is not entitled to relief, the court is obliged to dismiss the petition pursuant to Rule 4.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus be and the same is hereby **DISMISSED**; pursuant to Rule 4, the clerk of the court is directed to notify the petitioner of this dismissal.

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of January, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[1] In fact, with his petition Rios filed a copy of a letter from his appellate counsel stating that his appellate counsel did not believe there existed "any appealable issues with arguable merit ." (Petition, Exhibit 1, Docket #1).

-4-