UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

ROBERTO RIOS,

        Petitioner,

v.                                                                          Case No. 09-CV-77

TIMOTHY LUNDQUIST,

        Respondent.

_____

## ORDER

On January 23, 2009, the court dismissed Roberto Rios's ("Rios") petition for writ of habeas corpus as untimely and for failing to assert a cognizable ground for relief under 28 U.S.C. § 2254. The court found that Rios had not alleged any prejudicial effect from his denial of appellate counsel because he had not asserted that any nonfrivolous grounds existed to support a direct appeal of his conviction. Rios now moves, pursuant to Fed.R.Civ.P. 58(e), for reconsideration of the court's order dismissing.

The court construes Rios's motion to be made under Rule 59(e), rather than Rule 58(e) of the Federal Rules of Civil Procedure. Rule 59(e) allows a party to move within 10 days of the entry of judgment to alter or amend that judgment based on the court's manifest error of law or newly discovered evidence. *See Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008). Rios claims that the court made a manifest error of law when it found that Rios had not stated a claim for relief under

28 U.S.C. § 2254. Specifically, Rios asserts that his petition sets forth a claim of ineffective assistance of appellate counsel under *Penson v. Ohio*, 488 U.S. 75 (1988). In *Penson*, the Supreme Court held that a presumption of prejudice extends to a defendant suffering actual or constructive denial of counsel on appeal. *See id.* at 88.

Upon review of Rios's motion, and his original petition, the court is now convinced that Rios's petition may have set forth a cognizable claim that the decision of the Wisconsin Court of Appeals denying Rios's request for a reinstated appeal based on ineffective assistance of appellate counsel was either contrary to, or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d). However, the court also dismissed Rios's claim as untimely under 28 U.S.C. § 2244(d)(1). Therefore, before deciding whether relief under Fed.R.Civ.P. 59(e) is appropriate in this case, the court will order that the parties file briefs limited to addressing the issue of timeliness of Rios's petition, including any equitable tolling considerations. *See Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003) (holding that equitable tolling may excuse the filing of an untimely habeas petition only where the petitioner can show extraordinary circumstances beyond petitioner's control).

Accordingly,

**IT IS ORDERED** that respondent file a brief addressing the timeliness of Rios's habeas petition on or before **April 30, 2009**; and

**IT IS FURTHER ORDERED** that Rios shall have thirty (30) days from the date of service of respondent's brief to file a brief in response addressing the issue of timeliness.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge